**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JUSTIN H. JENNINGS,                                                                                            PLAINTIFF
ADC #109702

v.                                              1:12CV00137-DPM-JTK

DR. DOE, et al.                                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Jennings is a state inmate confined at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging violations of his Eighth Amendment rights while incarcerated at the Pulaski County Jail. By Order dated January 10, 2013 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. The Court also noted that Plaintiff's Complaint failed to state a claim upon which relief may be granted against Defendants, and provided him thirty days in which to submit an Amended Complaint to clarify his allegations. Id. The Court cautioned Plaintiff that failure to respond to the Order could result in the dismissal without prejudice of his Complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2). Id.[1] As of this date, Plaintiff has not filed an Amended Complaint in response to the January 10, 2013 Order.

**II.     Screening**

---

[1]The Rule provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . **If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . ."** (Emphasis added.)

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Facts and Analysis

In his Complaint, Plaintiff complained about the denial of medical care and treatment while incarcerated at the Jail during an unspecified period of time. The Court noted in the January 10, 2013 Order, however, that Plaintiff did not specifically refer to any of the named individual Defendants in his Statement of Claim, and therefore, did not allege any unconstitutional actions against any of those named Defendants (Doc. No. 3, p.3).

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.

Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In light of Plaintiff's failure to allege specific unconstitutional acts against the named Defendants, the Court finds that his Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2    This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.   The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 12th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.